## COLLIER v STATE

Ohio Appeals, 9th Dist, Wayne Co

No 911. Decided Oct 6, 1932

Howard L. Weaver, Akron, and Kail, Romweber & Romweber, for plaintiff in error.

Marion F. Graven, Prosecuting Attorney, Wooster, for defendant in error.

714

FUNK, J.

The record clearly shows that on the night of Nov. 30, 1931, Collier, Stout and Zabo were riding around in Collier's automobile and that Collier was driving. Collier formerly lived at Doylestown. Zabo testified that he did not know where Doylestown was and did not know whether or not the other two knew where it was. The record further shows that while the three were going through Doylestown, Zabo and Stout told Collier to stop, which he did; that Collier remained in the automobile some distance from the drug store while the other two broke into the drug store at the rear end and came back with the loot, which consisted of a few dollars in money, cigarettes, a revolver, a fountain pen, a flashlight, and at least four boxes of cigars, and that Collier took them back to Akron.

The record further shows that the same three boys were seen by police officers about 4 a. m. on Jan. 6, 1932, in Louisville, Stark County, Ohio, looking into different store windows and going into an alley, when the officers approached them from different directions and arrested Zabo and Collier in the alley back of a drug store, but not Stout, as he was able to make a getaway. The automobile in which they came to Louisville was a stolen one and contained the kind of tools that are generally used by burglars, such as an electric drill, a breast drill, a hack saw, cold chisels, screw drivers, a brace and bit, a light sledge hammer, two flashlights, and other tools.

Collier, on being questioned, first claimed he was hitch-hiking from Akron to Pittsburgh and that the other two men picked him up at North Canton, but later admitted he was with them as a member of the party and told where the other two lived

in Akron, and testified on cross-examination that all of them · were "just riding around and drinking."

While it is true that neither Zabo nor Collier testified that Zabo and Stout told Collier on the night of Nov. 30 that they were going to break into the Stepfield drug store, they make no explanation of why they were in Doylestown or Louisville other than that they were just riding around. No explanation was made concerning where they got the automobile in which they came to Louisville, or why it contained said tools. They did not testify as to anything that was said before or after the burglary at Doylestown or as to where Zabo and Stout got the four boxes of cigars and flashlight which they had when they returned to the automobile. They could not have concealed at least the cigars.

Moreover, the jury saw and could observe Zabo and Collier upon the witness stand. We do not have that opportunity. There may have been something in their manner and demeanor while upon the stand, when considered in connection with their testimony and the admissions made by them, to have fully convinced the jury that Collier at least knew all about the burglary, if he did not actually help plan it. He admitted that he had lived in Doylestown and that he knew where the drug store was located, and there is no testimony that either Zabo or Stout knew where either Doylestown or the store was located.

Considering all these facts and the surrounding circumstances, together with the apparently studied silence and absolute absence of any explanation on the part of any of the three as to why they stopped in Doylestown or where Zabo and Stout were while they were away from the automobile or how long they were gone or as to where they got the four boxes of cigars, we cannot say that the verdict is not sustained by the degree of proof necessary to convict in criminal cases.

Considering the whole record and all the surrounding circumstances, we are clearly of the opinion that the evidence is such as to have fully warranted the jury in finding that Collier brought the other two men to Doylestown for the purpose of burglarizing said drug store, and waited in the automobile to take them back to Akron and for the purpose of aiding them to get away if they were discovered in the act of burglarizing said store and were pursued.

The judgment is therefore affirmed.

PARDEE, P.J, and WASHBURN, J, concur.